UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LORENA M. D.,

                Plaintiff,

v.                                                                                   6:23-cv-01224 (AMN/TWD)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

**APPEARANCES:**                                             **OF COUNSEL:**

**OLINSKY LAW GROUP**                         **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**     **JASON P. PECK, ESQ.**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I.   INTRODUCTION

On October 2, 2023, Plaintiff Lorena M. D.[1] commenced this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income benefits

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

("SSI") under the Social Security Act. Dkt. No. 1 ("Complaint"). Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. Nos. 3, 6.

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on December 5, 2024, recommended that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 9, deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 11, and reverse and remand the Commissioner's decision for further proceedings. Dkt. No. 13 ("Report-Recommendation"). Magistrate Judge Dancks advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 15.[2] Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee note to 1983 addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc.*

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

*Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Dancks concluded that remand was warranted because of an evidentiary gap in the record. Dkt. No. 13 at 7–14. As relevant here, the administrative law judge ("ALJ") determined, at step two of the five-step sequential analysis utilized by the Commissioner, that Plaintiff had a severe mental impairment, and, subsequently, that Plaintiff retained the mental residual functional capacity ("RFC") to perform a range of unskilled work. *Id.* at 9–11. Magistrate Judge Dancks found that the ALJ made the mental RFC determination without the benefit of a fully developed record. *Id.* at 11–14. Magistrate Judge Dancks recommended remand so that the ALJ had the opportunity to obtain medical opinion evidence, such as an opinion from a treating physician, a consultative examination, or an opinion from a medical expert. *Id.* at 14. As a result of this recommendation, Magistrate Judge Dancks declined to address the balance of the parties' arguments. *Id.*

The Court agrees with Magistrate Judge Dancks' findings and recommendations for the reasons set forth in the Report-Recommendation. *See, e.g., Moran v. Astrue*, 569 F.3d 108, 114–15 (2d Cir. 2009) ("We vacate not because the ALJ's decision was not supported by substantial evidence but because the ALJ should have developed a more comprehensive record before making his decision."); *Donald M. v. Comm'r of Soc. Sec.*, No. 22-cv-06350, 2024 WL 4815128, at *7

(W.D.N.Y. Nov. 18, 2024) ("Although the ALJ's decision contains a fairly thorough discussion of Plaintiff's alleged mental impairments . . . the fact remains that the ALJ determined that Plaintiff had a severe mental impairment and did not have the benefit of any medical opinion describing how that impairment restricted Plaintiff's ability to function in a work environment. . . .  There may well be cases where an ALJ may properly craft a mental RFC on the basis of the entire record and without the need to obtain opinion evidence, but this is not one of them.").

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 13, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 9, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 11, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with the Report-Recommendation, Dkt. No. 13; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 21, 2025
      Albany, New York

Anne M. Nardacci
U.S. District Judge